NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSHUA KIMMEL, AMANDA WOLFE,**
*Petitioners*

**v.**

**SECRETARY OF VETERANS AFFAIRS,**
*Respondent*

---

2022-1754

---

Petition for review pursuant to 38 U.S.C. Section 502.

---

**ON MOTION**

---

Before DYK, REYNA, and TARANTO, *Circuit Judges*.

REYNA, *Circuit Judge*.

**O R D E R**

Petitioners Joshua Kimmel and Amanda Wolfe move, inter alia, for summary disposition of their petition for review. The Secretary of Veterans Affairs opposes that motion and moves to dismiss the petition as moot or stay it until the Department of Veterans Affairs (VA) publishes a revised rule.

This petition concerns 38 U.S.C. § 1725, which requires the VA to reimburse veterans for the cost of emergency care received at non-VA facilities but prohibits reimbursement for "any copayment or similar payment that the veteran owes the third party or for which the veteran is responsible under a health-plan contract," 38 U.S.C. § 1725(c)(4)(D). Relying on that prohibition, the VA promulgated the regulation that is the subject of this petition, 38 C.F.R. § 17.1005(a)(5), to exclude reimbursements "for any copayment, deductible, coinsurance, or similar payment."

In a prior proceeding, Ms. Wolfe (and another claimant) petitioned the Court of Appeals for Veterans Claims for a writ of mandamus to enjoin the VA from denying reimbursement for coinsurance payments incurred during emergency medical visits to non-VA facilities. The Veterans Court held § 17.1005(a)(5) was inconsistent with § 1725. On appeal, this court similarly held that Ms. Wolfe had a clear legal right to relief with regard to coinsurance but that she had alternative avenues for relief, including review pursuant to 38 U.S.C. § 502. *Wolfe v. McDonough*, 28 F.4th 1348, 1354–60 (Fed. Cir. 2022). This petition under section 502 then followed.

Under section 502, this court will hold unlawful and set aside a rulemaking action of the Secretary that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Mortg. Invs. Corp. v. Gober*, 220 F.3d 1375, 1377–78 (Fed. Cir. 2000). And we may grant summary disposition where "the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome . . . exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Here, petitioners argue that there is no question that § 17.1005(a)(5) as written is unlawful, given our prior explanation in *Wolfe* that "coinsurance is the very type of partial coverage that Congress did not wish to exclude from reimbursement" under § 1725. 28 F.4th at 1356.

The Secretary does not challenge that decision. In fact, he states that the VA has "recently decided to revise section 17.1005(a)(5) to remove the bar on reimbursing coinsurance," and that the Department "recently began processing claims for reimbursement of coinsurance." ECF No. 25 at 2. The Secretary argues that, in light of these actions taken after the petition was filed, *see* Appx 2, the petition has become moot. We disagree. It is undisputed that the regulation at-issue has not been repealed or amended, and it is well established that voluntary cessation of allegedly unlawful conduct ordinarily will not moot a controversy and prevent its adjudication by a federal court, *see City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 & n.10 (1982) unless "it is impossible for a court to grant any effectual relief whatever to the prevailing party," *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks and citations omitted). Relief is available here, because as even the Secretary notes, we may still "set aside the coinsurance provision in 38 C.F.R. § 17.1005(a)(5)," ECF No. 25 at 14.

For the reasons explained in *Wolfe,* we hold that 38 C.F.R. § 17.1005(a)(5)'s exclusion of coinsurance reimbursement is invalid and direct the VA to undertake expedited rulemaking, in which it shall rescind § 17.1005(a)(5)'s exclusion for coinsurance and revise the regulation consistent with *Wolfe*. This expedited rulemaking is to be concluded within 120 days from the date of this order. If the VA cannot conclude rulemaking within 120 days of this order, it may move for a reasonable extension of time. While the VA promulgates a revised regulation, the VA is directed to process claims for reimbursement consistent with § 1725, including reimbursement for eligible coinsurance claims.

Accordingly,

4                    KIMMEL v. SECRETARY OF VETERANS AFFAIRS

IT IS ORDERED THAT:

(1)  ECF Nos. 5 and 6 are granted, and the petition for review is granted-in-part such that 38 C.F.R. § 17.1005(a)(5) is vacated to the extent that it operates to allow the Department to deny reimbursement for coinsurance payments incurred during emergency medical visits to non-VA facilities.  The case is remanded for proceedings consistent with this order.

(2)  Within 60 days from the date of filing of this order, the Secretary is directed to submit to this court a status report under this docket number, briefly stating the status of efforts taken to date to rescind 38 C.F.R. § 17.1005(a)(5) to the extent provided above and to revise the regulation.

(3)  The remaining motions are denied.

(4)  Each side shall bear its own costs.

FOR THE COURT

October 25, 2022            /s/ Peter R. Marksteiner
        Date               Peter R. Marksteiner
                           Clerk of Court